
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DEBT SOLUTIONS, INC., et al. <br><br> Defendants. | CASE NO. C06-298JLR <br><br> ORDER |

This matter comes before the court on the motion of the Federal Trade Commission ("FTC") to strike Defendants' affirmative defenses under Fed. R. Civ. P. 12(f) (Dkt. # 40). Despite repeated extensions, Defendants have not opposed the motion.

Under Fed. R. Civ. P. 12(f), the court may strike "any insufficient defense" from a pleading. A Rule 12(f) motion is, however, a rarity. The Ninth Circuit has never announced a standard for determining whether a defense is insufficient. District courts within the Ninth Circuit have uniformly stated that such motions are disfavored. See, e.g., Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc., 217 F. Supp. 2d 1028, (C.D. Cal. 2002) ("Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic."). In order to strike Defendants' allegedly "insufficient" affirmative

ORDER - 1

defenses, the FTC must show that "there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." Id. at 1032 (citations omitted).

Although motions to strike are disfavored, the FTC has met its burden to show that each of Defendants' affirmative defenses are "insufficient" as a matter of law. The court finds no merit in Defendants' affirmative defense that the court lacks subject matter jurisdiction over the claims of the State of Washington. As to the equitable defenses of estoppel, waiver, unclean hands, and laches, the FTC correctly notes that equitable defenses are unavailable to a party seeking to avoid a governmental entity's exercise of statutory power. Finally, the court is satisfied that the defense of accord and satisfaction has no applicability to this action as a matter of law.

For these reasons, the court GRANTS the FTC's motion to strike (Dkt. # 40).

Dated this 7th day of August, 2006.

JAMES L. ROBART
United States District Judge

ORDER - 2